Filed 5/19/25  P. v. Hernandez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DAVID HERNANDEZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B339541<br>(Super. Ct. No. F491809)<br>(San Luis Obispo County) |

David Hernandez appeals an order denying his request for resentencing.  (Pen. Code, § 1172.6.)  In 2020, Hernandez pled no contest to conspiracy to commit kidnapping (§§ 182, subd. (a)(1), 207) (count 2); second degree robbery (§ 211) (count 3); assault with a deadly weapon (§ 245, subd. (a)(1)) (count 4); and voluntary manslaughter (§ 192, subd. (a)) (count 5).  He also admitted that he had personally used a firearm.  (§ 12022.5, subd. (a).)  The court sentenced him to an aggregate prison term of 24 years 8 months.

We appointed counsel to represent Hernandez on this appeal.  His counsel filed an opening brief under *People v.*

*Delgadillo* (2022) 14 Cal.5th 216, claiming she was unable to find any arguable issues to brief. Hernandez filed a supplemental brief. We conclude, among other things, that the trial court did not err by denying his petition for resentencing. We affirm.

FACTS

The probation report shows that on February 23, 2013, Victor Hugo Sanchez was shot and killed. Carmen Granados Fajardo had been Sanchez's girlfriend. Fajardo was angry with Sanchez because of his involvement with "white females."

Hernandez was the ex-brother-in-law of Fajardo. Hernandez paid Crystal Garner and Joseph Villareal $4,000 for their "involvement in [an] assault on [Sanchez] in October 2012." Fajardo wanted Sanchez to be robbed and assaulted, and as proof that they had achieved their plan, she wanted Sanchez's wallet to be given to her. Garner, her sister, Villareal, and Hernandez followed the plan. They then went to Fajardo's home and brought proof that they had completed her plan by bringing Fajardo Sanchez's belongings. But Fajardo was not satisfied with her first attempt to injure Sanchez.

Fajardo hired Hernandez, Edgar Ontiveros, and two other men to locate and kidnap Sanchez. They located Sanchez, but he refused to get into their car. Ontiveros shot Sanchez in the torso and in the head. Hernandez was paid "between $10,000 to $11,000 cash for a truck from the money he received for the murder." "The truck was to be delivered to him in Mexico at a later date."

After he was arrested, Hernandez was initially charged with murder. He was held to answer after the trial court conducted a preliminary hearing. But in 2020 he entered into a

2

negotiated plea agreement where he pled no contest to voluntary manslaughter and the other three counts.

In October 2022, Hernandez filed a petition for resentencing. The People opposed the petition, claiming he was ineligible for resentencing under Senate Bill No. 1437 because he pled no contest to voluntary manslaughter in 2020. The trial court agreed and denied the petition.

## DISCUSSION

An appellant must provide "argument and legal authority for the positions taken." When the appellant, " ' " 'fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " ' " (*Orange County Water Dist. v. Alcoa Global Fasteners, Inc.* (2017) 12 Cal.App.5th 252, 360.) Hernandez's supplemental brief does not comply with these standards. His brief does not contain a statement of facts or citations to the record. Instead, he attaches a copy of the probation report which contains facts showing his direct involvement in the offenses.

Hernandez claims Ontiveros was the "actual killer." He argues the only crime he committed was to "inflict . . . great bodily injury" on Sanchez. He had "nothing to do" with the other offenses, such as kidnapping and voluntary manslaughter. But he pled no contest to those offenses in counts 2 through 5. He has not shown that his plea was invalid or that there was no factual basis to support it. He does not cite to evidence in the record to support his claims.

In opposition to his petition, the People cited evidence from the preliminary hearing transcripts showing his direct involvement with the charged offenses. That evidence showed: 1) Hernandez and Fajardo "planned to kidnap and shoot" Sanchez;

3

2) Hernandez "discussed murdering" Sanchez several times; 3) to accomplish this plan, Hernandez recruited three young men; 4) he provided them with a vehicle; 5) he travelled with them to Paso Robles; 6) he showed them where Sanchez lived, showed them his photos, and "paths of egress out of Paso Robles," and met with them several times; 7) Hernandez rented a motel room for them; 8) he left them to "carry out the job"; 8) he checked to make sure "the task had been completed"; 9) he then drove the men back to Modesto; and 10) Hernandez gave the young men $2,000 in cash.

Senate Bill No. 1437 took effect on January 1, 2019. It permitted resentencing for defendants whose murder convictions were based on "imputed malice theories" of murder liability. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590.) A defendant convicted of voluntary manslaughter may also petition for resentencing. But the imputed malice theories that provide grounds for resentencing were statutorily eliminated in 2019. Hernandez's voluntary manslaughter conviction occurred in 2020.

The Legislature intended that "persons who pled guilty to manslaughter after statutory amendments eliminated imputed malice theories of murder liability are not eligible for resentencing as a matter of law." (*People v. Lezama, supra*, 101 Cal.App.5th at p. 585.) Consequently, because Hernandez "pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated," the trial court did not err in "summarily denying the Petition." (*Id*. at p. 590.)

4

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

Michael Frye, Judge

Superior Court County of San Luis Obispo

_____

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.